1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

5      455 Market Street, 6th Floor
6      San Francisco, California 94105-2420
       Telephone:   (415) 744-8494
7      Facsimile:   (202) 481-1810 or (415) 744-6812
       Email:       edwin.joe@sba.gov
8
9  Attorneys for Federal Plaintiff

**E-filing**

FILED
JUN 14 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

10          IN THE UNITED STATES DISTRICT COURT           05 - 121
11          FOR THE NORTHERN DISTRICT OF CALIFORNIA
12                    SAN FRANCISCO DIVISION
13

14 | UNITED STATES OF AMERICA,    )
15 |         Plaintiff,            )
   |                               )
16 |   v.                          )   Civil Case No. C 05 - 1195 EMC
17 |                               )
   | MILEPOST VENTURES, L.P.       )   Stipulation for Receivership Order
18 |                               )
   |         Defendant.            )   (Cover Page) ; Order  (EMC)
19 |                               )
20 |_____)

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**                            0

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>MILEPOST VENTURES, L.P.<br><br>Defendant. | Civil Case No. C 05 – 1195 EMC<br><br>Receivership Order |

## CONSENT ORDER OF RECEIVERSHIP

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Milepost Ventures, L.P. ("MILEPOST"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of MILEPOST ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of MILEPOST's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of MILEPOST under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees,

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**                                   1

directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of MILEPOST are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to MILEPOST's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of MILEPOST and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to MILEPOST. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of MILEPOST, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to MILEPOST and all of MILEPOST's assets and all other assets and property of the limited partnership, whether real or personal. Milepost Ventures Management, Inc., the general partner of MILEPOST shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of MILEPOST, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of MILEPOST, as well as the names, addresses and amounts of claims of all known creditors of MILEPOST. Within thirty (30) days following the entry of this Order, Milepost Ventures Management, Inc., the general partner of MILEPOST shall also furnish a written report describing all assets. All persons and entities having control,

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**    2

custody or possession of any assets or property of MILEPOST are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of MILEPOST, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to MILEPOST shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if MILEPOST had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of MILEPOST, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. MILEPOST's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of MILEPOST, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to MILEPOST. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving MILEPOST or any assets of MILEPOST, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving MILEPOST, the Receiver, or any of MILEPOST's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP** 4

any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving MILEPOST or any assets of MILEPOST, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving MILEPOST, the Receiver, or any of MILEPOST's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of MILEPOST against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8. MILEPOST and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of MILEPOST to the detriment of MILEPOST or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**  5

9.  The Receiver is authorized to borrow on behalf of MILEPOST, from the SBA, up to $500,000 and is authorized to cause MILEPOST to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of MILEPOST, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of MILEPOST.

10. This Court determines and adjudicates that SBA has made a sufficient showing that MILEPOST has violated the Act and the Regulations, as alleged in the Complaint filed against MILEPOST in the instant action, to obtain the relief so requested.

DATED this __13__ day of __January__, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

**SEEN, STIPULATED AND AGREED:**

Milepost Ventures, L.P., through its authorized representative

By:  /s/ Christine B. Cordano

Title:  __General Partner__
Milepost Ventures Management, Inc.
General Partner of Milepost Ventures, L.P.

Date: _____

United States Small Business Administration

By:  /s/ Thomas G. Morris, Director

Office of Liquidation

Date: 01-26-05

**STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP**    6

9. The Receiver is authorized to borrow on behalf of MILEPOST, from the SBA, up to $500,000 and is authorized to cause MILEPOST to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of MILEPOST, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of MILEPOST.

10. This Court determines and adjudicates that SBA has made a sufficient showing that MILEPOST has violated the Act and the Regulations, as alleged in the Complaint filed against MILEPOST in the instant action, to obtain the relief so requested.

DATED this 13 day of January, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

SEEN, STIPULATED AND AGREED:

Milepost Ventures, L.P., through its authorized representative

By: _Christie R. Codar_

Title: _General Partner_
Milepost Ventures Management, Inc.
General Partner of Milepost Ventures, L.P.

Date: _____

United States Small Business Administration

By: _Thomas G. Morris_
Thomas G. Morris, Director
Office of Liquidation

Date: 01-26-05

6

9. ... //

10.     This Court determines and adjudicates that SBA has made a sufficient showing that MILEPOST has violated the Act and the Regulations, as alleged in the Complaint filed against MILEPOST in the instant action, to obtain the relief so requested.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 3rd day of June, 2005.

~~UNITED STATES DISTRICT COURT JUDGE~~

EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP    7